UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:03-CR-367-1BO2

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | MEMORANDUM OF PLEA AGREEMENT |
| | ) | |
| BRIAN TOD SCHELLENBERGER | ) | |

The United States of America ("Government"), by and through the United States Attorney for the Eastern District of North Carolina ("USA-EDNC"), and the Defendant, BRIAN TOD SCHELLENBERGER, with the concurrence of the Defendant's attorney, Roger W. Smith, Sr., have agreed that the above-captioned case should be concluded in accordance with this Memorandum of Plea Agreement as follows:

1. This Memorandum constitutes the full and complete record of the plea agreement. There are no other terms of this agreement in addition to or different from the terms herein.

2. The Defendant agrees:

    a. To plead guilty to Counts One through Six of the Third Superseding Indictment herein.

    b. To make restitution to any victim, including any victim with respect to a Count dismissed as part of the agreement, in whatever amount the Court may order, pursuant to 18 U.S.C. §§ 3663 and 3663A. Said restitution shall be due and payable immediately.

c. To waive knowingly and expressly all rights,
conferred by 18 U.S.C. § 3742, to appeal whatever
sentence is imposed, including any issues that
relate to the establishment of the Guideline
range, reserving only the right to appeal from a
sentence of imprisonment for a period greater than
360 months, and further to waive all rights to
contest the conviction or sentence in any post-
conviction proceeding, including one pursuant to
28 U.S.C. § 2255, excepting an appeal or motion
based upon grounds of ineffective assistance of
counsel and prosecutorial misconduct not known to
the Defendant at the time of the Defendant's
guilty plea. The Defendant acknowledges that the
number of months specified above is not a promise
of any particular sentence and is not binding on
the Court. The Defendant agrees that should the
sentence imposed exceed 360 months, this would not
affect the validity of the guilty plea, but merely
would allow the Defendant to appeal the sentence.
The foregoing appeal waiver does not constitute a
waiver by the United States of any of its rights
to appeal provided by law.

d. To waive all rights, whether asserted directly or

2

through a representative, to request or receive
from the United States any records pertaining to
the investigation or prosecution of this matter,
except as provided in the Federal Rules of
Criminal Procedure. This waiver includes, but is
not limited to, rights conferred by the Freedom of
Information Act and the Privacy Act of 1974.

e.      To assist the Government in the recovery and
forfeiture of any assets which facilitated and/or
were acquired through unlawful activities,
including all such assets in which the Defendant
has any interest or control. Specifically, the
Defendant agrees to voluntarily forfeit and
relinquish to the government the property
specified in the forfeiture notice of the Third
Superseding Indictment. The Defendant further
agrees to sign any documents necessary to
effectuate the forfeiture and waives any further
notice. In addition, the Defendant forfeits and
otherwise waives any ownership right in all items
seized during the investigation of the acts
alleged in the Third Superseding Indictment. The
Court has jurisdiction over the disposition of
such items and may order the investigative agency

3

to dispose of the items in such manner as provided by the agency's regulations.

f.. To pay a special assessment of $100.00 for each count, pursuant to the provisions of 18 U.S.C. § 3013. The assessment shall be paid by the Defendant prior to the return of the signed Plea Agreement to the United States Attorney's Office. The Defendant or Defendant's counsel shall mail a check in payment of the assessment directly to the Clerk, United States District Court, Eastern North Carolina. Counsel shall provide a copy of the check or money order with the signed Plea Agreement to the United States Attorney certifying compliance with this provision.

g. To complete and submit, if requested, a financial statement under oath to the Office of the USA-EDNC no later than two weeks after the entry of the guilty plea.

h. To testify, whenever called upon to do so by the Government, fully and truthfully in any proceeding, and to disclose fully and truthfully in interviews with Government agents, concerning all conduct related to the Third Superseding Indictment and any other crimes of which the

4

Defendant has knowledge. These obligations are continuing ones. The Defendant agrees that all of these statements can be used against the Defendant at any judicial proceeding, including trial and sentencing, if the Defendant withdraws from this plea agreement and fails to proceed with his Rule 11 hearing, or subsequent to the Rule 11, seeks to withdraw from this plea agreement and proceed to trial.

i.   If the Defendant provides false, incomplete, or misleading information or testimony, this would constitute a breach of this Agreement by the Defendant, and the Defendant shall be subject to the prosecution for any federal criminal violation. Any information provided by the Defendant may be used against the Defendant in such a prosecution.

j.   To submit to a polygraph examination whenever requested by the Office of the USA-EDNC. The results of these examinations will be admissible only at the Defendant's sentencing, and at any hearing as to whether there has been a breach of this agreement. The Government may rely on these results in determining whether the Defendant has

5

fulfilled any obligation under this agreement.

3.  The Defendant understands:

    a.   That as to each Count of the Third Superseding Indictment to which the Defendant is pleading guilty, the charge, code section, elements, and applicable penalties are as follows:

**Counts One, Four and Five**

(1)   Charge:  Sexual exploitation of a child.

(2)   Date of offenses:

     Count One:   In or about October, 2002.

     Counts Four and Five:  In or about March, 2003.

(3)   Code section:  18 U.S.C. § 2251(a).

(4)   Elements:

    <u>First</u>:   The defendant did employ, use, persuade, induce, entice and coerce a person under the age of 18;

    <u>Second</u>:  to engage in sexually explicit conduct;

    <u>Third</u>:  for the purpose of producing a visual depiction of such conduct;

    <u>Fourth</u>:  which visual depiction was produced using materials that had been transported in interstate or foreign commerce by any means, including by computer; and

    <u>Fifth</u>:  which visual depiction actually was transported in interstate and foreign commerce.

(5)   Maximum term of imprisonment: 20 years.

(6)   Minimum term of imprisonment: 10 years.

6

(7)   Maximum term of supervised release: Three years.

(8)   Maximum term of imprisonment upon revocation of supervised release: Two years.

(9)   Maximum fine: $250,000.00.

(10)  Restitution pursuant to 18 U.S.C. §§ 3663 and 3663A, and as agreed to in paragraph 2(b) above.

(11)  Special assessment: $100.00.

(12)  Other penalties: None.

Penalty for Repeat Offender.

(5)   Maximum and Minimum terms of imprisonment:

If the defendant has **one** prior child sexual exploitation conviction:

Not less than 15 years nor more than 30 years imprisonment.

If the defendant has **two or more** prior child sexual exploitation convictions:

Not less than 30 years nor more than life imprisonment.

(7)   Maximum term of supervised release: Five years.

(8)   Maximum term of imprisonment upon revocation of supervised release: Three years.

(9)   Maximum fine: $250,000.00.

(10)  Restitution pursuant to 18 U.S.C. §§ 3663 and 3663A, and as agreed to in paragraph 2(b) above.

(11)  Special assessment: $100.00.

(12)  Other penalties: Forfeiture.

**Count Two**

(1)   Charge: Possession of Child Pornography.

7

(2)  Date of the offense: December 2, 2003.

(3)  Code:  18 U.S.C. §§ 2252(a)(4)(B) and (b)(2)as amended April 30, 2003.

(4)  Elements:

First:  The Defendant knowingly possessed matter containing a visual depiction;

Second:  which had been shipped or transported in interstate or foreign commerce, or was produced using materials which have been so transported, by any means, including by computer;

Third:  the production of such visual depiction involved the use of a minor engaging in sexually explicit conduct; and

Fourth:  such visual depiction is of such conduct.

(4)  Maximum term of imprisonment: 10 years.

(5)  Minimum term of imprisonment: None.

(6)  Maximum term of supervised release: Any term of years or life.  18 U.S.C. § 3583(k).

(7)  Maximum term of imprisonment upon revocation of supervised release: Three years.

(8)  Maximum fine: $250,000.00.

(9)  Restitution pursuant to 18 U.S.C. §§ 3663 and 3663A, and as agreed to in paragraph 2b above.

(10) Special assessment: $100.00.

(11) Other penalties: Forfeiture.

Penalty for Repeat Offender.

(5)  Maximum and Minimum terms of imprisonment:

If the defendant has a prior child sexual exploitation conviction involving the sexual abuse

8

of a minor or the production, possession or distribution of child pornography :

Not less than 10 years nor more than 20 years imprisonment.

(6) Maximum term of supervised release: Any term of years or life. 18 U.S.C. § 3583(k).

(7) Maximum term of imprisonment upon revocation of supervised release: Three years.

(8) Maximum fine: $250,000.00.

(9) Restitution pursuant to 18 U.S.C. §§ 3663 and 3663A, and as agreed to in paragraph 2(b) above.

(10) Special assessment: $100.00.

(11) Other penalties: Forfeiture.

**Count Three**

(1) Charge: Sexual exploitation of a child.

(2) Date of offense: In or about August, 2003.

(3) Code section: 18 U.S.C. § 2251(a)as amended April 30, 2003.

(4) Elements:

First: The defendant did employ, use, persuade, induce, entice and coerce a person under the age of 18;

Second: to engage in sexually explicit conduct;

Third: for the purpose of producing a visual depiction of such conduct;

Fourth: which visual depiction was produced using materials that had been transported in interstate or foreign commerce by any means, including by computer; and

Fifth: which visual depiction actually was

9

transported in interstate and foreign commerce.

(5) Maximum term of imprisonment: 30 years.

(6) Minimum term of imprisonment: 15 years.

(7) Maximum term of supervised release: Any term of years or life. 18 U.S.C. § 3583(k).

(8) Maximum term of imprisonment upon revocation of supervised release: Three years.

(9) Maximum fine: $250,000.00.

(10) Restitution pursuant to 18 U.S.C. §§ 3663 and 3663A, and as agreed to in paragraph 2(b) above.

(11) Special assessment: $100.00.

(12) Other penalties: None.

Penalty for Repeat Offender.

(5) Maximum and Minimum terms of imprisonment:

If the defendant has **one** prior child sexual exploitation conviction:

Not less than 25 years nor more than 50 years imprisonment.

If the defendant has **two or more** prior child sexual exploitation convictions:

Not less than 35 years nor more than life imprisonment.

(7) Maximum term of supervised release: Any term of years or life. 18 U.S.C. § 3583(k).

(8) Maximum term of imprisonment upon revocation of supervised release: Three years.

(9) Maximum fine: $250,000.00.

(10) Restitution pursuant to 18 U.S.C. §§ 3663 and 3663A, and as agreed to in paragraph 2(b) above.

10

(11) Special assessment: $100.00.

(12) Other penalties: Forfeiture.

b.    That any sentence imposed will be without parole.

c.    That the Court is not bound by any sentence recommendation or agreement as to the application of the United States Sentencing Guidelines, that the sentence has not yet been determined by the Court, that any estimate of the sentence received from any source is a prediction not a promise, and that even if a sentence up to the statutory maximum is imposed, the Defendant may not withdraw the plea of guilty.

d.    That, unless Defendant is found unable to pay, the Court will impose a fine, and failure to pay it will subject Defendant to additional criminal and civil penalties pursuant to 18 U.S.C. §§ 3611-14.

4.    The Government agrees:

a.    That it reserves the right to make a sentence recommendation.

b.    That it reserves the right at sentencing to present any evidence and information pursuant to 18 U.S.C. § 3661, to offer argument or rebuttal, to recommend imposition of restitution, and to respond to any motions filed by the Defendant.

11

c. That the USA-EDNC will not further prosecute the Defendant for conduct constituting the basis for the Third Superseding Indictment; however, this obligation is limited solely to the USA-EDNC and does not bind any other state or federal prosecuting entities.

d. That it will make known to the Court at sentencing the full extent of the Defendant's cooperation, including whether the Government deems the Defendant to have substantially assisted authorities, but the Government is not promising to move for departure pursuant to 18 U.S.C. § 3553(e) or U.S.S.G. §5K1.1.

e. Pursuant to U.S.S.G. §1B1.8, that self-incriminating information provided by the Defendant pursuant to this agreement shall not be used against the Defendant in determining the applicable Guideline range, except as provided by §1B1.8 and except as stated in this agreement. The Government will not, however, withhold from the United States Probation Office any evidence concerning relevant conduct.

f. That the USA-EDNC agrees not to use any information provided by the Defendant pursuant to this agreement to prosecute him or her for additional crimes, except for crimes of violence,

and not to share any information provided by the Defendant pursuant to this Agreement with other state or federal prosecuting entities except upon their agreement to be bound by the terms of this Agreement.

5.    The parties agree to the following positions as to sentencing factors, which are not binding on the Court, provided that if Defendant's conduct prior to sentencing changes the circumstances with respect to any such factors, the Government is no longer bound to its position as to those factors:

a.   A downward adjustment of 3 levels for acceptance
     of responsibility is warranted under U.S.S.G.
     §3E1.1(a).

This the 26ᵗʰ day of _JANUARY_____, 2005.

FRANK D. WHITNEY                        _Elizabeth Schellenberger_____
United States Attorney                  BRIAN TOD SCHELLENBERGER
                                        Defendant

_____               _Roger W. Smith_____
BY: THOMAS B. MURPHY                     ROGER W. SMITH
Assistant United States Attorney        Attorney for the Defendant
Criminal Division

APPROVED, this 27ᵗʰ day of _January_____, 2005.

_Terrence W. Boyle_____
TERRENCE W. BOYLE
United States District Judge

14