UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
NO. 5:03-CR-367-1BO

FILED
OCT 1 3 2005
FRED L. BORCH III, CLERK
US DISTRICT COURT, EDNC
BY _____ DEP. CLK

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | DEFENDANT'S SENTENCING MEMORANDUM |
| ) | AND REQUEST FOR CONSIDERATION OF |
| ) | MITIGATING FACTORS |
| BRIAN TOD SCHELLENBERGER ) | |

NOW COMES DEFENDANT, Brian Tod Schellenberger, through undersigned counsel, and respectfully submits this Sentencing Memorandum for the Court's consideration in passing sentence in this case.

## I. INTRODUCTION

The PSI proposes extensive enhancements that would ratchet the offense level from a base offense level of 17 to a total offense level of 46 (or 43, after a 3-level reduction for acceptance of responsibility). The proposed enhancements of 29 offense levels would increase the guideline range from 24-30 months (at the base offense level of 17) to "life" (at the proposed total offense level of 43).

In response to the proposed PSI, Mr. Schellenberger objected to these enhancements and now renews his objections. Some of the proposed enhancements violate fundamental constitutional requirements including those discussed in *United States v. Booker*, ___ U.S. ___, 125 S. Ct. 1770, 160 L. Ed. 2d 621 (2005) ("*Booker*"). Other proposed enhancements suffer from additional, non-*Booker* defects, as set forth below. Based on both *Booker* and non-*Booker* grounds, Mr. Schellenberger submits that the proposed enhancements are improper.

The advisory guidelines are, of course, only one of the factors to be considered in sentencing post-*Booker*. Under 18 U.S.C. § 3553(a), the sentence is to be "*sufficient, but not greater than necessary*, to comply with the purposes" of sentencing set out in the statute. The advisory guideline calculation proposed in the PSI, at the extreme end of the guideline range, far exceeds what is "sufficient, but not greater than necessary."

Finally, Mr. Schellenberger respectfully requests that the Court consider his extraordinary acceptance of responsibility for his offense conduct and his substantial assistance to law enforcement authorities in the investigation of others. An accompanying Motion for Downward Departure details his substantial assistance and his extraordinary acceptance of responsibility and cooperation with the authorities.

## III. ARGUMENT

In *Booker*, the United States Supreme Court held that the sentencing guidelines are advisory only, and not mandatory, in a District Court's determination of a sentence. The Fourth Circuit has since affirmed that, "[i]n the wake of *Booker*, therefore, the discretion of the sentencing court is no longer bound by the range prescribed by the guidelines." *United States v. Hughes*, 401 F.3d 540, 546 (4th Cir. 2005). The *Hughes* court suggested that sentencing courts should "consult [the] Guidelines and take them into account when sentencing." *Id.* at 546 (quoting *Booker* at 767). The *Hughes* court further suggested that the sentencing court first make findings of fact and then calculate the range prescribed by the guidelines, and that it "consider that range *as well as other relevant factors set forth in the guidelines and those factors set forth in 18 U.S.C. 3553(a) before imposing the sentence.*" *Id.* at 546 (quoting *Booker* at 764-65)

2

(emphasis added). The sentencing court is free to impose a sentence outside the guideline range as long as it explains its reasons for doing so. *Id.* at 546. In light of *Booker*, the Fourth Circuit has made clear that the sentence imposed by the sentencing court will be affirmed as long as it is within the *statutorily* prescribed range and is *reasonable*. Id. at 547 (emphases added).

Therefore, this Memorandum first renews Mr. Schellenberger's objections to the advisory guideline calculations proposed in the PSI. We then address mitigating factors which Mr. Schellenberger requests the Court to consider in passing sentence.

## A.   OBJECTIONS TO ADVISORY GUIDELINES CALCULATIONS

### 1.   Objections Under *U.S. v. Booker*

The Probation Officer's primary response to these objections is that Mr. Schellenberger pled guilty to the sentencing allegations in the Third Superseding Indictment. (Addendum to PSI, para. 3, Probation Officer's Response). That assertion, however, is incorrect. Pursuant to the Plea Agreement, Mr. Schellenberger pled guilty to Counts One through Six of the Third Superseding Indictment. There is no reference to the sentencing allegations in the Plea Agreement. And, in open court on January 27, 2005, counsel for Defendant expressly stated that Mr. Schellenberger was not admitting the sentencing allegations in the Third Superseding Indictment. Counsel for the Government agreed with that explanation of the plea, consistent with prior discussions between counsel.

Because Mr. Schellenberger did not plead guilty to the sentencing allegations, the following proposed enhancements are improper:

> **Page 12, Paragraph 40**, which proposes a 2-level increase in the offense level pursuant to 2G2.2(b)(1);

3

> **Paragraph 41**, which proposes a 5-level increase in the offense level pursuant to 2G2.2(b)(2)(B);
>
> **Paragraph 42**, which proposes a 4-level increase in the offense level pursuant to 2G2.2(b)(3);
>
> **Paragraph 45**, which proposes a 5-level increase in the offense level pursuant to 2G2.2(b)(6); and
>
> **Page 13, Paragraph 53**, which proposes a 2-level increase in the offense level pursuant to 3B1.1(c).

PSI, pp. 12-13.

### 2. Non-*Booker* Objections to Proposed Guidelines Calculations

**Paragraph 41, Page 12.** In this paragraph, the PSI proposes a five-level increase in the offense level pursuant to U.S.S.G. §2G2.2(b)(2)(B) (Specific Offender Characteristic) on the allegation that "the offense involved the distribution for the receipt, or expectation of receipt, of a thing of value, but not for pecuniary gain." Mr. Schellenberger objects to this proposed 5-level increase because he shared his images with certain trusted friends rather than trading or bartering them for other images or things of value; that is, he did not require anything, including other images, in return for passing these images along to others.

**Paragraph 43, Page 12 and Paragraph 62, Page 13.** In these paragraphs, the PSI proposes two separate five-level increases in the offense level based on the same conduct. The PSI first proposes a 5-level enhancement pursuant to U.S.S.G. §2G2.2(b)(4) (Specific Offender Characteristic) on the allegation that "the defendant engaged in a pattern of activity involving the sexual abuse or exploitation of a minor." Later, the PSI proposes a second 5-level increase under U.S.S.G. §4B1.5(b) (Chapter Four Enhancement) on the same basis: that "the defendant engaged in a pattern of activity involving prohibited sexual conduct," which refers to sexual conduct

4

"with a minor." U.S.S.G. §4B1.5(b) and its Application Note 4(B)(i).

Mr. Schellenberger objects to the two separate 5-level enhancements based on the same conduct as double-counting. Defendant acknowledges that this double-counting is not expressly prohibited by Chapters 2 and 4 of the Sentencing Guidelines. Nevertheless, he submits that employing a 5-level enhancement not merely once but twice – making it in effect a 10-level increase – based on the same "pattern of activity" goes too far. This is especially so where an additional 5 levels toward the lower end of the Sentencing Table, according to the raft of enhancements proposed in the PSI, would have disproportionate impact on the advisory guideline range.

By way of example, the difference between the lower end of the guideline range at levels 30 and 35 would be 71 months (97 months v. 168 months), and the difference between the upper end of the guideline range at those offense levels would be 89 months (121 v. 210 months). Moving down the Sentencing Table, the impact of a second, duplicative 5-level enhancement would be even more radical. The difference between the lower end of the guideline range at levels 35 and 40 would be 124 months (168 v. 292 months), and the difference at the upper end of the range at those levels would be 155 months (210 v. 365 months). The point is that this second, separate increase proposed in the PSI, together with the other enhancements urged in the PSI, would have a crushing impact based on the very same conduct that supports the first 5-level enhancement.

**Paragraph 53, Page 13.** In this paragraph, the PSI proposes a two-level increase in the offense level pursuant to U.S.S.G. §3B1.1(c) (Adjustment For Aggravating Role In The Offense) on the allegation that "the defendant was an organizer, leader, manager, or supervisor" with

5

respect to the use of interstate commerce facilities for murder for hire alleged in Count 6 of the Third Superseding Indictment. Mr. Schellenberger objects to the proposed increase on the ground that the use of interstate commerce facilities to solicit a murder did not involve "organiz[ing], lead[ing], manag[ing], or supervis[ing]" others, only using the Internet to solicit and respond to offers from others. Mr. Schellenberger's use of interstate commerce facilities did not involve organization, leadership, management or supervision as contemplated in U.S.S.G. §3B1.1(c).

**Page 14, Paragraphs 67, 69, 71, 73, Asterisk, and Note.** These paragraphs concern the necessity to run a sentence consecutively "to the extent necessary to produce a combined sentence equal to the total punishment." As a threshold matter, if his objections to the proposed enhancements are sustained, this if not an issue because the "total punishment" here would be less than the highest statutory maximum and the sentences should run concurrently pursuant to U.S.S.G. §5G1.2(c) ("If the sentence imposed on the count carrying the highest statutory maximum is adequate to achieve the total punishment, the sentences on all counts shall run concurrently, except to the extent otherwise required by law.").

The PSI argues that the sentence on each count must be imposed consecutively to achieve an advisory guideline range of "life." Of course, none of us can know how long "life" will be. Mr. Schellenberger objects on the ground that "life" is an indeterminate period of months that cannot properly be achieved by imposing determinate sentences consecutively. In other words, he objects because the PSI proposes to have the Court make an arbitrary determination about how long he will live. Such a determination is inherently speculative, and it is no real answer to summarily impose a sentence longer than anyone could live.

6

The Court has discretion, of course, to run the sentences concurrently. 18 U.S.C. §3584; *United States v. Velasquez*, 304 F.3d 237, 243 (3rd Cir. 2002) ("section 3584 recognizes the authority of the sentencing judge to impose concurrent or consecutive sentences without dependence on departure provisions in the Guidelines."); *United States v. Vasquez-Zamora*, 253 F.3d 211, 214 (5th Cir.2001) (indicating that the application of §5G1.2(d) is discretionary). The statute certainly trumps the "advisory" guideline (even if the latter were interpreted in the manner proposed in the PSI). Once *Booker* excised 18 U.S.C. §3553(b), no provision of law requires a district court to be bound by any guideline, much less the draconian construction of §5G1.2(d) advanced in the PSI. *See United States v. Winters*, 411 F.3d 967, 972 (8th Cir. 2005) ("We find no support for Winters' argument that portions of the sentencing guidelines remain mandatory after Booker" including the grouping rules in U.S.S.G. §3D1.2 or the rules regarding concurrent sentences under §5G1.2); *United States v. Anderson*, 365 F. Supp. 2d 67 (D. Me. 2005) (imposing split sentence in case that would have required straight imprisonment under §5C1.1).

## B. ANALYSIS UNDER 18 U.S.C. § 3553(a) AND MITIGATING FACTORS

Congress has declared that in sentencing the Court shall impose a sentence that is **"sufficient, but not greater than necessary**, to comply with the purposes" of sentencing set out in 18 U.S.C. §3553(a)(2). And, under the statute, the advisory guidelines calculation is but one of seven factors to be considered in sentencing. 18 U.S.C. §3553(a); *United States v. Hughes*, 401 F.3d 540, 546 (4th Cir. 2005) (district court "should consider this sentencing range along with the other factors described in 18 U.S.C. §3553(a)").

In this case, counsel respectfully submits that several factors support the imposition of a

7

sentence below whatever advisory guideline range is determined by the Court:

    (a) Mr. Schellenberger's extraordinary and immediate acceptance of responsibility when interviewed about his conduct;

    (b) his substantial assistance to law enforcement with the investigation and prosecution of others;

    (c) his lack of any criminal convictions prior to these events; and

    (d) his positive employment history and support of his family prior to these events.

**a. Extraordinary Acceptance of Responsibility.** As detailed in the accompanying Motion for Downward Departure, Defendant's acceptance of responsibility was immediate and remarkable. From his first contact with investigating agents, he responded candidly to their questions, for a period of hours. In the days following his initial interview by investigators, after being advised of his rights by investigators and counsel, Mr. Schellenberger gave many additional hours of interviews. He even acknowledged other unlawful activities that were not under investigation. *See* Defendant's Motion For Downward Departure And To Sentence Below The Guideline Range.

Even pre-*Booker*, the appellate courts authorized downward departures for the sort of extraordinary cooperation and acceptance of responsibility made by Mr. Schellenberger. *See, e.g., United States v. Jones*, 158 F.3d 492, 502 (10th Cir. 1998) (where defendant pled guilty to possession of a firearm by a prohibited person, the district court did not abuse its discretion in departing downward by three levels when it considered that defendant voluntarily disclosed to pretrial services officer false statements he made to obtain firearm even though statements would have been inevitably discovered by FBI); *United States v. Evans*, 49 F.3d 109 (3d Cir. 1995)(voluntary disclosure of true identity resulting in increased criminal history score may

8

warrant downward departure); *United States v. DeMonte*, 25 F. 3d 343 (6th Cir. 1994) (court departed downward where defendant admitted to crimes about which the Government had no knowledge, even though such an admission was part of a plea bargain to cooperate); *United States v. Brown*, 985 F.2d 478, 482-83 (9th Cir. 1993) (court may depart downward based on defendant's confession if it determines that the two point reduction does not adequately reflect acceptance); *United States v. Farrior*, 948 F.2d 1125, 1127 (9th Cir. 1991)(admission of guilt to other crimes can justify departure); *see also* U.S.S.G. §5K2.16 (Voluntary Disclosure of Offense); *but see* U.S.S.G. §5K2.0(d)(2) for crimes committed on or after October 27, 2003.

Thus, counsel respectfully submits that Mr. Schellenberger's immediate, candid and highly unusual acceptance of responsibility should be considered in mitigation under 18 U.S.C. §3553(a).

**b. Substantial Assistance to Law Enforcement.** Consistent with his extraordinary acceptance of responsibility, Defendant provided information and assistance to law enforcement about a number of other individuals involved in unlawful activities including child pornography. His information and assistance resulted in the conviction of three others on serious charges relating to child pornography and sexual abuse. *See* Defendant's Motion For Downward Departure. As with his extraordinary acceptance of responsibility, Mr. Schellenberger's substantial assistance to law enforcement should be considered in mitigation under 18 U.S.C. §3553(a).

**c. No Criminal Convictions.** It is undisputed that Mr. Schellenberger has had no prior criminal convictions other than minor traffic charges (Expired Registration Card/Tag in 1990 and Speeding in 1993). PSI, p. 8, paras. 21-24. Thus, with zero (0) criminal history points, Mr.

9

Schellenberger falls in criminal history category I. Although the advisory guideline calculation will take his lack of criminal convictions into account, this history also should be considered as an important aspect of Mr. Schellenberger's "history" under 18 U.S.C. §3553(a)(1).

**d. Excellent Employment History and Support of Family.** It is also undisputed that Mr. Schellenberger had a productive career record until his arrest. As detailed in the PSI, from 1984 until December 2003, he worked at SAS Institute in Cary, North Carolina. Social Security records report earnings of $91, 756.56 in 2003. PSI, p. 10, para. 36. In 1985, Mr. Schellenberger married, and the couple had three children together. PSI, p. 9, para. 27. Mr. Schellenberger contributed to the support of his family from income earned at SAS until December 2003.

After his arrest, in keeping with the positive aspects of his personal history as well as his extraordinary acceptance of responsibility, Defendant relinquished all of the marital assets and his own assets, other than a modest IRA money market account, to his now ex-wife to aid in support of their children and treatment of the victim. PSI, p. 11, para. 38. His restitution to the victims of his conduct, insofar as possible, may also be considered in fashioning the appropriate sentence. *See* 18 U.S.C. §3553(a)(7) (calling for consideration of "the need to provide restitution to any victims of the offense").

### III. CONCLUSION

For these reasons, counsel respectfully requests that the Court fashion a sentence which is not greater than necessary and well below the advisory guideline range finally determined by the Court.

10

Respectfully submitted, this the 13th day of October, 2005.

*Roger W. Smith*
Roger W. Smith, Sr.
N.C. State Bar No. 4966
Wade M. Smith
N.C. State Bar No. 4075
F. Hill Allen
N.C. State Bar No. 18884
Tharrington Smith, LLP
209 Fayetteville Street Mall
Raleigh, N.C. 27602
(919) 821-4711

11

## CERTIFICATE OF SERVICE

I certify that I served the foregoing **Defendant's Sentencing Memorandum And Request For Consideration Of Mitigating Factors** on the United States of America, by causing a copy to be delivered by hand, as follows:

> Thomas B. Murphy, Esq.
> Assistant United States Attorney
> Eastern District of North Carolina
> 310 New Bern Avenue
> Federal Building
> Post Office Box 25670
> Raleigh, North Carolina 27611

This the **13**<sup>th</sup> day of October, 2005.

*Roger W. Smith*
Roger W. Smith, Sr.

12