```
              IN THE UNITED STATES DISTRICT COURT
           FOR THE EASTERN DISTRICT OF NORTH CAROLINA
                         WESTERN DIVISION

                       No. 5:03-CR-367-BO
                       No. 5:09-CV-90-BO
```

BRIAN T. SCHELLENBERGER,    )
                            )   MEMORANDUM IN SUPPORT OF
            Petitioner,     )      MOTION TO DISMISS
                            )
     v.                     )
                            )
UNITED STATES OF AMERICA,   )
                            )
            Respondent.     )

The United States of America, by and through the United States Attorney for the Eastern District of North Carolina, hereby submits this memorandum in support of the motion to dismiss filed herein by respondent.

On December 18, 2003, January 22, 2004, April 22, 2004 and December 16, 2004, petitioner was charged in an indictment and several superseding indictments on multiple sexual offenses involving minor children, pornography and murder for hire, some of the most difficult crimes to imagine. On January 26, 2005, petitioner executed a written Plea Agreement, which plea was conditionally approved on January 27, 2005. Petitioner later, on November 13, 2005, filed a Motion for Downward Departure and a Sentencing Memorandum. On November 20, 2005, a judgment was entered. An Amended Judgment was entered on November 18, 2005, sentencing petitioner a total of 100 years imprisonment.

In the Plea Agreement executed by petitioner and accepted by the Court, petitioner reserved "the right ro appeal from a

sentence of imprisonment for a period greater than 360 months ..." Pursuant to that reservation of right, petitioner appealed his sentence to the Fourth Circuit claiming that the district court committed error in its guideline sentencing, making the sentences consecutive was error and his 100 year sentence was error. The Fourth Circuit affirmed the sentencing in its <u>Per Curiam</u> decision decided on September 6, 2007, with the judgment being filed also on September 6, 2007.

On January 2, 2009, petitioner filed a Notice of Intent and Motion for Extension of Time in which he asked the court for a 60 day extension of time within which to file his petition under 28 U.S.C. § 2255. The court made no ruling on this request. Petitioner eventually did file the instant petition pursuant to 28 U.S.C. § 2255 on March 3, 2009. Petitioner asserts that the present petition is timely. He also claims that he is entitled to relief due to claimed errors in assessing his punishment, claims of ineffectiveness of counsel by trial and appellate and a claim of actual innocence regarding the element of "pecuniary value".

The first issue to be considered, however, is whether the present petition is timely. Pursuant to 28 U.S.C. § 2244(d) the one year limitation within which a petition under § 2255 is to be filed "shall run from the latest of -- (A) the date on which the judgment became final by the conclusion of direct review or the

2

expiration of the time for seeking such review ..." This date from which to calculate the commencement of the one year limitation has been clearly established by the Supreme Court in <u>Clay v. United States</u>, 537 U.S. 522, 525 (2003). The Court held that "a judgment of conviction becomes final when the time expires for filing a petition for certiorari contesting the appellate court's affirmation." The Court additionally clarified that the finality occurs at the expiration of 90 days from the date of the appellate court decision. Thus, the one year limitation set out in 28 U.S.C. § 2244(d) commences 90 days following the date of the decision of the appellate court not the date of issuance of the Mandate.

In the present case, the decision and judgment in petitioner's appeal were decided and filed on September 6, 2007. Petitioner had 90 days from that date, up to December 6, 2007, to apply for certiorari in the Supreme Court. Thus, petitioner's one year limitation commenced on December 7, 2007, and expired on December 8, 2008. Accordingly, the present petition is untimely and should be dismissed.[1]

Petitioner argues that he was "unable to file his § 2255 due to the Holiday Season ..." He also argues that the library was closed to him after January 3, 2009, and this prevented him from

---

[1] Petitioner's motion for an extension was not filed until January 2, 2009, well after the limitation had run.

filing timely. He then presents an argument that he was in
"special housing" following an incident that occurred on December
24, 2008, and was just released on February 5, 2009. Petitioner
further admits that his petition was "originally submitted (into
the prison mail system-handed to prison personnel) on February 6,
2009 ..." Petitioner now asks for equitable tolling to avoid the
one year limitation deadline that he clearly missed.

As is obvious, nothing presented by petitioner shows
exceptional circumstances beyond petitioner's control which
prevented him from timely filing. The one year limitation for
filing a § 2255 petition is subject to equitable tolling, <u>Harris
v Hutchinson</u>, 209 F.3d 325 (4th Cir. 2000). Allowing equitable
tolling, however, "must be guarded and infrequent, lest
circumstances of individualized hardship supplant the rules of
clearly drafted statutes." "Equity must be reserved for those
rare instances where-due to circumstances external to the party's
own conduct-it would be unconscionable to enforce the limitation
period against the party and gross injustice would result."

In the present situation, petitioner is wrong about his
filing deadline. It expired December 8, 2008. His deadline
expired before the "Holiday Season", before the library closed,
before he was in "special housing", and before he asked for an
extension. Nothing presented by petitioner prevented him from
timely filing. All of his excuses fall beyond the limitation

4

period and thus avail him nothing towards equitable tolling.

The first claims he makes regarding his sentencing were, by his own admission, before the Fourth Circuit in his direct appeal. Petitioner attempts to dress these arguments by using different words, but admits on his first point that it was "not raised as an explicit ground or addressed by the court, although it was alluded to in the [appellant's] brief..." He also recognizes that his second point "was referred to but not explicitly raised or answered by the court on appeal." These issues having been decided by the Fourth Circuit, they cannot be relegated in the present petition.

In his third point, he claims ineffectiveness of his trial counsel in not securing "effective consideration" of his cooperation and his appellate counsel in not understanding that his plea was not intelligently made and the government breached its plea agreement in not requesting a 5K motion. As mentioned above, however, these issues were presented by petitioner's counsel in his Motion for Downward Departure (5K) and his Sentencing Memorandum. These were considered by the Court and the Government but failed to be persuasive to the court.

Petitioner's claim that his plea was not intelligently given runs completely counter to his own presentation before this court at the Rule 11 hearing. Petitioner, under oath, admitted that he knowingly entered his plea of guilty. In Little v. Allsbrook,

5

731 F.2d 238, 239-40 n.2 (4th Cir. 1984), the petitioner claimed ineffectiveness of counsel asserting that his counsel "misled" him about "working out a deal". This is similar to the assertions made by the petitioner in this case. The petitioner in the Little case testified that, he had lied when he stated that no promises had been made and had lied when he had stated that he was satisfied with his counsels representation. The Fourth Circuit firmly held that "we do not view his vows as empty gestures. In absence of clear and convincing evidence to the contrary..." the petitioner will be bound by his statements made to the court.

Petitioner's claims of ineffectiveness go further than just claiming that his plea was invalid. He also claims that he should have been given "consideration" for his cooperation and should have received a 5K motion. His assertion that his counsel should have secured a "deal" does not show ineffectiveness of counsel. His counsel made these arguments in the Motion for Downward Departure and Sentencing Memorandum, but to no avail. In fact, the Plea Agreement clearly states that it "constitutes the full and complete record of the Plea Agreement. There are no other terms or this agreement in addition to or different from the terms herein."

As to his appellate counsel, petitioner admits that his brief in the Fourth Circuit covered many of the issues that he

6

now maintains in this § 2255.  Petitioner claims, however, that his appellate counsel should have additionally raised multiple issues which petitioner ultimately recognizes might not individually "rise to legal ineffectiveness", but asserts that "the cumulative effect of them all surely does".  This type of shotgun presentation of claims likewise does not rise to the level which would overcome the presumption of effectiveness. None of his assertions against appellate counsel evidence that his appeal would have achieved a different result.

Petitioner's ineffective claims completely fail in light of the "strong presumption that [counsle's] performance was within the extremely wide range of professionally competent assistance." Baker v. Corcoran, 220 F.3d 276, 293 (4th Cir. 2000).  To the extent the court considers ineffective claims, it must do so under the dual standards of Strickland v. Washington, 466 U.S. 668 (1984).  Petitioner must show that his attorney's representation fell below an objective standard of reasonableness and that, but for that deficiency, the result would have been different.  Id. at 687-91, 694.  Failure to satisfy either standard is fatal to an ineffective assistance claim and must result in dismissal.  The Fourth Circuit has confirmed this standard, stating, "counsel are afforded a strong presumption that their performance was within the extremely wide range of professionally competent assistance."  The Court further stated

7

that "competency is measured against what an objectively reasonable attorney would have done under the circumstances." Baker v. Corcoran, 220 F.3d 276, 293 (4th Cir. 2000).

Petitioner cannot show any evidence where his attorneys failed to meet the objective standard of reasonableness of representation. Petitioner has completely failed to show that the action and litigation by his trial or appellate counsel was objectively below reasonable standards. His claims deal with his dissatisfaction with his sentence. In none of the complaints has the petitioner even come close to meeting his burden of showing that the outcome or result of his conviction and sentence would have been different but for the alleged errors of his counsel. The outcome of him being sentenced to 100 years is, without any exculpation, the result of petitioner's own heinous crimes.

As to the last claim of petitioner that he is actually innocent because he did not "intend that a murder be committed for anything of 'pecuniary value'" is disingenuous at best. It is astonishing that he makes the claim that in planning his crimes he didn't "intend" to give anything of value to bring about the planned murders. This claim is sophistry at best and should clearly be dismissed. Petitioner's own admissions about payments to possible murderers in England and agreeing to pay a contract killer show his claims of "actual innocence" to be absurd. Even if the claim were to be taken seriously, petitioner

8

has procedurally defaulted in making this claim and cannot show any cause or prejudice to overcome his procedural default.

## CONCLUSION

Based on the foregoing, Petitioner's Motion under 28 U.S.C. § 2255 should be dismissed.

Respectfully submitted this 24th day of March, 2009.

GEORGE E.B. HOLDING
United States Attorney


By: /s/ R.A. Renfer, Jr.
    R. A. RENFER, JR.
Attorney for
Assistant United States Attorney
Chief, Civil Division
310 New Bern Avenue, Suite 800
Raleigh, NC 27601-1461
Telephone: (919) 856-4530
Facsimile: (919) 856-4821
E-Mail: usance.ecfcivil2@usdoj.gov
N.C. Bar No.  11201

CERTIFICATE OF SERVICE

I do hereby certify that I have this 24th day of March, 2009, served a copy of the foregoing upon the below-listed party by placing a copy of the same in the U.S. Mail, addressed as follows:

Brian Tod Schellenberger
Reg. No. 23875-056
USP Tucson
U.S. Penitentiary
P.O. Box 24550
Tucson, AZ 85734

By: /s/ R.A. Renfer, Jr.
    R. A. RENFER, JR.
Attorney for
Assistant United States Attorney
Chief, Civil Division
310 New Bern Avenue, Suite 800
Raleigh, NC 27601-1461
Telephone: (919) 856-4530
Facsimile: (919) 856-4821
E-Mail: usance.ecfcivil2@usdoj.gov
N.C. Bar No. 11201